Thank you. The issue in this case at bottom is whether the Bankruptcy Court can exercise discretion beyond the limits imposed by the Bankruptcy Code and the applicable precedent. Specifically, we're dealing here with the denial of a motion to dismiss Chapter 13. The court, as you know, denied a motion filed under Section 7b based on the finding of abuse of process, and additionally, as a matter of the court's discretion. There are four points I'm going to make as to why this decision must be reversed. First, I will summarize them. First of all, neither the statute nor the precedent, which I will discuss, authorizes a Bankruptcy Court to deny, based on abuse of process, the right to dismiss under 1307b. Now, if this court was to conclude in evaluating the Ninth Circuit decision in Rosson, that that decision attempts to authorize denial of the right to dismiss based on the finding of abuse of process. The court will also have to conclude that such an action, moreover, has been overruled by the Supreme Court since then. You're saying Law v. Siegel is the case that overruled it? That's correct. Well, I'm saying that that, to the extent Rosson purports to find a right to dismiss based on abuse of process, it was not even supported at the time it was decided by the Supreme Court precedent at the time, which is Marama, but it has been more explicitly overruled since then. Correct. My third point is going to be that, even if this court was to get beyond those fundamental issues, reversal would still be required because, as a matter of law, there can be no abuse of process where a process is used for its intended purpose. And my last point is going to be that, and this is only something that the court needs to reach if it gets beyond all the other issues I mentioned, and that is that after the Supreme Court decision in law, Rosson has been impliedly overruled in its entirety, and there is no exception whatsoever to the right to dismiss at this point. Can I ask you if you're going to also address 1307E? I wasn't going to address it specifically, but I'm happy to answer any questions that your honors have about it. Okay, well I think you should. Go ahead. Right. That's actually, that leads me to my first point. So the starting point is always a statute, and the statute is here very clear and unequivocal, and it provides no discretion. It mandates a specific result. So based on the statute, we have to conclude that there is no bankruptcy court to deny the right to dismiss unless that authority is somewhere in another statute or in precedent. Now, I will point out, and this Judge Taylor goes to your question, that consistent with the plain language of the statute, there has never been, as far as I can tell, a court decision that calls that other section of 1307 can override 1307B. Well, don't the two sections, the sections have to exist in equipose, correct? I mean, you know, it's a coherent statute. So we've got 1307B that says the court shall dismiss when the debtor requests it. Then we have 1307C that says that the court may convert or may dismiss when certain facts occur, and then we have E that says, under the failure to file the tax returns, again, the court shall dismiss or convert depending on whichever is the best interest of creditors of these states. So we've got a shall, a may, and a shall. And how do we, you know, why are you so clear that the first one trumps the other two? Well, and that's a good question, Your Honor. We're clear because that's what the statute says. And in fact, this court has previously held in that the right to dismiss exists up until actual conversion under 1307B. Actual, the actual order of conversion. And in fact, every court that has considered the issue, there are some courts I will grant that have found a bad faith exemption or exception, which I will also discuss. But beyond that, no court has ever held that 1307C can override 1307B. In fact, every court has held the opposite. And the Supreme Court has said that when we look at what the statute means, we start with the language. And the language here is not only unequivocal, but it's remained the same since at least the early 1980s. And going to your point about 1307E, 1307E was added as part of the 2005 amendments. And Congress obviously had the option of changing the language of the statute. Or it could have somehow otherwise said that the right to dismiss is subject to 1307E. It did not do that. Right. True. But isn't Congress, and I know all this is a presumption. We all understand how legislation actually works. But we're given these tools, and so we have these presumptions. And one of the presumptions is Congress knows what the law is. So Congress knows about Marama. Congress knows about Rawson. They also didn't do anything to clarify the primacy that you're arguing is in 1307B, correct? They didn't need to, Your Honor. Well, I will say, yes, they didn't say, this says the right exists at any time, and we're reaffirming that it exists at any time. But nor did they need to, because it already said what it said. As far as Marama... But if they write something after that, it's, to Judge Taylor's point, if they write something after that, that seems to be just as non-discretionary, I mean, how does that tell us that B always trumps? Right. So, well, that's a good point. A good question. And here we follow the principles of statutory construction that the Supreme Court has enunciated repeatedly, which is that when we interpret a statute, we have to assume it's given meaning. Now, if we, if we read 1307E as overriding the 1307B provision, then we essentially take the at any time clause out of 1307B. Well, one other... Go ahead. Well, I mean, one other point would be E's pretty darn specific about when you sort of override. I mean, it is the specific over the general, which is another statutory construction tool we use, right? I mean, it would suggest that, you know, B is the general rule, but E has a scenario under which that general rule is not going to pertain. It's going to be a different general rule. Well, that's correct in principle. And I just want to mention that I didn't address this issue in the pleadings before this court because it was not addressed by the bankruptcy court. But I did address it below, and that's exhibit 26. So my full argument with the citations is set out there. But to answer your question, Your Honor, here is the distinction between 1307C, E, and B. E says what it says. I mean, we can't really argue about the language. We can ask how it's been limited by subsequent amendments. But there is a court legal authority saying that a subsequent amendment should not be considered to override a previously existing statute unless that is specific. But as to the distinction between C and E, the distinction is that C provides the court with discretion to convert or dismiss. E requires the court to convert or dismiss if the condition stated therein is met. But both of them, just based on the plain language of 1307B, are subject to 1307B because 1307B still says that the right of the debtor to dismiss at any time. The debtor has the right to dismiss at any time. And more as another argument I would put forth is that there's really no logical sense as to why, if 1307E applies, the right of the debtor under 1307B should be limited. Let me ask, you're almost due in five minutes, so I want to pose a question which you can answer quickly or think about while you're listening to the other argument. If you read 1307B, what it says is the debtor has an absolute right to dismiss a case under this chapter, under Chapter 13. And I think if you look at the legislative history, the point is we cannot compel a debtor to stay in a Chapter 13 and be compelled to devote their future income to the creditors. So we cannot make someone stay in a Chapter 13. And my question is why is it inconsistent with that to say, in certain circumstances involving bad faith, however, we have the option of dismissing, they're no longer in a 13, or converting them to a 7, they're no longer in a Chapter 13, their future income is no longer devoted to the claims of the creditors. We've taken them out of the chapter. And you can answer it or you can think about it. Well, no, I will answer it. And the answer is what the Supreme Court has said repeatedly, and most recently in law, which is that the Ancropsy Court cannot override the clear language of the statute. But, you know, let's be clear about law. What law said is if you have a statute that says X, you can't ignore it if you think you have a greater overriding equitable, you know, compulsion. Under 105. Under 105. It doesn't say in looking at two separate statutes that Congress has passed, the one that happens earlier in the section has to govern. I mean, law has nothing to do with this in my mind. You're gonna have a hard time. You can give it a shot in your rebuttal if you want to convince me otherwise. I think law is a whole other question. And that's not the argument that I was making. So I'm running low on time, so I think I'll just finish up this answer and then I'll reserve the rest of my time. All right. So law states specifically, and it addresses Marama, it states that 105 power cannot be used, like you said, to override another exception of the code. And the bad faith exception does not exist anywhere in 1307. It certainly does not exist in 1307B. And it's not a limitation on 1307B by virtue of the statute. So if it comes from somewhere, it can only come from 105. And law said that a court cannot use its 105 power to limit another express provision of the code. I hear everything you're saying. I don't think it answers the question. From a statutory construction standpoint. I'll try to do better in my rebuttal. No, okay. All right. Thank you. All right. We've got about two minutes. So Mr. Winkleman. Good morning, and may it please the court. Because this court can affirm the bankruptcy court, if it's correct for any reason, there are only two holdings of the bankruptcy court that are material to this appeal. The first is that Rawson still qualifies a debtor's right to dismiss under 1307B on a finding of bad faith or abusive process. And two, that the Nichols abused the bankruptcy process by moving to dismiss a bankruptcy after spending 17 months without taking any actions to advance their case. Now, none of the arguments made by the Nichols, even if they're correct, amount to prejudicial error if these two findings are affirmed. And the reason for that is that if Rawson is still good law, as we've seen in both Bartlett and Brown, is likely the case under after Siegel. If Rawson is still good law, then it's clear that a bankruptcy court has the ability under the code to square the conflict between 1307B, 1307C, and 1307E to convert or dismiss in the best interest of the estate. Do you think it makes a difference? I mean, 1307C is not a shall statute. 1307E is a shall statute. Is that a difference without a distinction? Or is it sufficient if we find that the E basis for dismissal, you know, do we have an irresistible force in an immovable object situation to the greater flexibility? So I actually think this is addressed by Judge Mann's decision in Wray-Brown. In that case, she notes that there are bankruptcy court decisions outside of the Ninth Circuit which hold that Rawson was overruled by law. And in those cases, those courts all really rest on the idea that 1307B is a shall and 1307C is a may. That reasoning that they've used to hold that Siegel, which I'll get into why I think that's incorrect, doesn't apply here because we have a shall and a shall. And as Judge Lafferty pointed out, the 1307E shall actually occurred in this case prior to the motion to dismiss in 1307B. So I think if we just apply the plain language of the code, Judge Winery was correct to assume that 1307E predominates over 1307B where there's a issue with Siegel here. And in fact, I think that because 1307E applies prior to 1307B based on the timing of this case, I actually think it would violate Siegel for the court to use its equitable powers to dismiss this case after there was the predicate finding requirement, sorry, the predicate finding required under 1307E. So 1307E is the failure to file the tax returns timely and then the weighing of interest of creditors. Those are the predicate findings. Okay. And you know, here we unquestionably had no tax returns filed by the appropriate time, which is I believe after the 341 meeting of creditors. And the bankruptcy court clearly found in her motion to, in her order granting our motion to convert, that there was a best interest in conversion rather than dismissal in this case. So those predicate findings were on the record prior to the motion to dismiss. Well, if you're, if you're, if we take out the sort of the, you know, temporal component, doesn't, I mean, he does say on request of the debtor at any time, right? Oh, this is another issue that was addressed in Brown. If you look at Marama, there's this discussion about procedural niceties. And in Brown, the judgment identifies the procedural nicety as was a finding to convert, but the order hadn't been entered yet. And that was the exact same case here. And in fact, you know, the reason why we didn't have a conversion order prior to the dismissal is because the Nichols asked for more time in order to comply with the requirements of the code in order to advance their case. So again, I think that to the extent that there was a procedural nicety, that procedural nicety was created by the affirmative actions in the Nichols. So I think especially in that case, we're getting into abusive process under 105 territory. But I also want to really reiterate that this is not the appropriate case to examine the durability of ROSN. And the reason for that is that this argument was unquestionably waived below. At oral argument, the counsel for the Nichols argument by stating the only exception or limitation on that right to dismiss is as stated in the ROSN case, which is if there's a finding of bad faith. And then he proceeds to go through the four elements necessary for consideration of bad faith. In the footnote where he purports in his reply to have preserved this argument, what he specifically states is that debtors realize that the court is bound by this precedent. And that failure to challenge this precedent below is unquestionably a waiver under Ninth Circuit case law, and in fact, is an invited error. So even if this court weren't... But don't we have discretion, even in a waiver situation, to consider an issue that is a legal issue based on a fully developed factual record? Absolutely, Your Honor. But if this court chooses to overturn ROSN using Siegel, that will be a case that almost certainly goes to the Ninth Circuit and likely goes to the Supreme Court. And I don't think that ROSN, I think the Ninth Circuit's going to hear about it. Right. Yeah, we're aware of that. But my point is, you know, what you're saying is we should be scared, very scared, and just not deal with the issues? I don't think that... Which is a fair thing to say, because he's right. If we do that, we'll be hearing about it. Well, if this court were a case where it's been unquestionably waived and the bankruptcy court was invited to make that error. I think under these facts, this is not the appropriate case. And additionally, I think that this case... Let me tease that out. So we don't do anything. You think there won't be a reappeal and it won't be in front of the Ninth Circuit anyways without any analysis from us? Your Honor, I think that you know, candidly, I think that that's an easy way to dispose of this case. If this is the case that you choose to go that route, let me get into the analysis of why Siegel doesn't overrule ROSN. All right. I think you should. So there are three important code provisions at issue in this case. There's 1307B, 1307E, and conflict between 1307B and 1307C. Insofar as you can end up in a situation like we did here, although in this case it's 1307E, there is a conflict between what the court is supposed to do. Here, we have the court shall dismiss or convert in the best interest, and the court shall dismiss the Chapter 13. And so in cases like this, ROSN attempts to figure out... attempts to lay out a path for how to the court suggested that the law would deal with this conflict. The first is that when the finding of conversion occurs under 1307E, the debtors no longer qualify as Chapter 13 debtors and therefore are not entitled to apply for dismissal under 1307B. And this is similar to the reasoning in Murama, this is similar to the reasoning in ROSN, and this is discussed at length in the Brown case. Because again, if the court has to dismiss or convert, then the debtors technically have no right to proceed under 1307B. And again, the second aspect of this is that Section 105 allows the bankruptcy court to act to prevent an abuse of the bankruptcy process using its equitable powers. And the Siegel case, as Judge Lafferty, I think, correctly pointed out, simply says that you exceed the express provisions of the bankruptcy code. Here, excuse me, or contravene. Yeah, or contravene. And in Siegel, again, they surcharged an exemption in, you know, and there was no basis in the code for that surcharge. I was one I was on one of the bad panels that said that was just fine. Well, the Supreme Court has made it clear that that is... Yeah, yeah. But that's not the because, you know, the basis for Judge Winnery's denial of the motion to dismiss was not Section 105. It was Section 1307E. And so here, where we've got competing provisions and the bankruptcy court is either empowered or required to take a certain action, there's no implication of law. And again, I think that if you read through law, Siegel affirmed Murama's holding that dismissal was not absolute based on a holistic statutory analysis of 1307B and 706A. In this case, if the court goes with the Nichols argument as to Siegel's application, or sorry, of the plain language of these statutes, it does damage to 1307E. If a debtor can dismiss at any time under 1307B, even where there's been bad faith or an abuse of the bankruptcy process, then the provisions of 1307B and 1307C, which allow for conversion in the best interests of creditors, are effectively eviscerated. And they're left with no real power at that point. Because any time an unfavorable ruling is going to occur, either dismissal or conversion, the debtor can simply dismiss. And especially in a case like this, where there was a litany of defects with the Chapter 13 case, and it occurred for 17 months, there's really no reason for debtors to move to dismiss until the last possible minute. Because they can do it orally at any point prior to a final order being entered. So if we, if the court moved through that analysis, it would effectively allow any Chapter 13 debtor to dismiss at any time, even if there have been adverse rulings converting or dismissing the case prior to that, as long as they get their motion in right between the gap of when the judge rules and when the final order gets entered. And that can't possibly be within the spirit and purpose of the Bankruptcy Code is to provide, and this is from Marama, honest debtors an opportunity for a discharge. It doesn't allow, as the court found here, debtors to hide in Chapter 13 for 17 months without taking any actions for the benefit of the estate or for the benefit of creditors. But to stop you for a minute, you know, the argument is that he would make, I assume, is what, you know, they're exiting bankruptcy. They, you know, okay, we were there, we didn't act appropriately, but now we're in target. Our creditors can come at us, we're no longer protected by the automatic stay, you know, have at. And what's wrong with that as an alternative to conversion? So while a number of the out-of-night-circuit cases suggest that the bankruptcy court has powers to issue sanctions and that can cure the harm, the problem here is that, yes, there can be some sanctions, and yes, they're exiting bankruptcy, we can go after them, but we're currently still engaged in state court litigation against non-debtor entities related to this case, and that case has effectively been put on hold because of this bankruptcy. And I don't want to get into too much of the nitty-gritty of the details of that, but effectively, if they're allowed to dismiss their case, which we were worried about at the outset of this bankruptcy, and which we, you know, again, when we filed our motion to convert, we also asked the court to deny any subsequent motions to dismiss in May of 2019. They're effectively saying, we can put a hold on any litigation we want to for, in this case, 17 months with no negative consequences, and all we have to do is pay $100 a month under a confirmed plan that we can amend the next day. And that can't possibly be the purpose of the bankruptcy code. If you look at the exact provisions of the code, 1307C and 1307E specifically indicate that you can convert out of a 13 a finding for cause, and one of them is prejudice to creditors through delay. So this exact situation was contemplated by Congress and was expressly put into the code. So then, to go further, to allow a debtor to file a Chapter 13 bankruptcy, stay in it for 17 months, take no steps to advance the case, and then dismiss, and then say that the bankruptcy court can fix that with sanctions, sort of undermines the whole idea that the bankruptcy code is specifically designed for good-faith debtors who want to advance a plan towards a discharge. It basically becomes a litigation tactic that can stay any state court proceeding, and that shouldn't be what Congress's intent was, and it doesn't seem that that's what Congress's intent was, because if we look at 105. Well, okay, so so I understand in your particular circumstance there would be negatives, but it's so, you know, the court has to look at the wider creditor body, correct? Not a single creditor. Correct, and again, Your Honor, the trustee, Chapter 13 trustee in this case, joined our motion to convert, and the Internal Revenue Service has made arguments as to the motion to dismiss below, and so again, we're not the only creditor issue, but of the 4.9 million dollars in claims that have been filed against this estate, my client represents 4.7 million of those, so. Okay, understood. And that, thank you very much, and you should affirm the bankruptcy court. Thanks. All right, thank you very much. All right, there is two minutes and 18 seconds for rebuttal. I thank you, Your Honor. I find a number of the factual allegations, especially about the amount of debt, troublesome, but I briefly briefed them in my briefing, so I'll just let that stand for itself. A couple points I want to address. As far as overruling Rason, this court doesn't even need to go, get that far. The only way this court gets that far, if it first holds that there is a right to dismiss for abuse of process, which there isn't, based on Marama, on which Rason relied, and then if the court also holds that there was abuse of process properly found, where there was no, either improper purpose, or no improper act in the furtherance of that purpose that the bankruptcy court found. Another point I want to address quickly is this reference to procedural nicety in Brown and the same reference in Lowe and in Marama, because that seems to be a big point of contention. What the law court referred to as a procedural nicety is a procedural step that doesn't change the ultimate outcome. So Marama said that if the case gets converted to Chapter 13, it can then be dismissed anyway, so there is no point in converting it to Chapter 13. That's not the case here. The outcome is very different depending on whether or not this case gets dismissed or gets converted to Chapter 7. And lastly, Judge Lafferty, I have not forgotten about your question, and you had asked me about the subsequent amendment to an existing statute. I actually, and there are cases which I cited below, and it's page 238 of the that say that when a subsequent amendment is interpreted in light of the existing statute, the goal is to make sure that none of the provisions of the existing statute is meaningless or is not rendered meaningless, inconsistent, or superfluous. And that's the case here. The only way to keep the statute consistent is to read 13 or 7 before what it says. And based on that, I would ask the Court to reverse the Bankruptcy Court's ruling and order dismissal. All right. Well, again, thank you for your argument. Very, very good argument from both sides. Thank you very much. We will now be in a brief recess, or recess, for an hour, and we will reconvene at noon with the second calendar. Thank you very much. Thank you, Your Honors.
judges: Taylor, Lafferty, Brand